IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALBA I. ACEVEDO and JOSEPH ACEVEDO<br><br>             Plaintiffs,<br><br>   v.<br><br>AMERICAN AIRLINES, INC., XYZ CORPORATION,<br><br>             Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 11-3830 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

    This matter comes before the Court on Defendant American Airlines, Inc.'s ("American Airlines") motion to dismiss [Docket Item 12] the Complaint filed by Plaintiffs Alba I. Acevedo and Joseph Acevedo [Docket Item 1], for failure to prosecute. Plaintiffs filed an action in June of 2011 against American Airlines, seeking damages for an injury that Alba Acevedo suffered while on board an American Airlines flight arriving into Philadelphia International Airport. (Compl. ¶¶ 6-10.) In December of 2011, American Airlines notified the Court that it had filed a voluntary petition under Chapter 11 of the Bankruptcy Code, and the Court stayed all proceedings in this case shortly thereafter. (Dec. 5, 2011 Order [Docket Item 11].) The case remained inactive for over three years until January 2015, when Defendant moved dismiss this case for failure to

prosecute under Fed. R. Civ. P. 41(b). Over five months have passed, and Plaintiffs have filed no response.

For the reasons set forth below, the Court will dismiss this action under Rule 41(b) unless Plaintiffs, within fifteen (15) days from the entry of this Opinion, file an opposition to Defendant's motion to dismiss and demonstrate good cause for their failure to prosecute. The Court finds as follows:

1. On June 30, 2011, Plaintiffs, New Jersey residents Alba I. Acevedo and Joseph Acevedo, filed a Complaint against American Airlines, Inc., and unnamed XYZ Corporation after Plaintiff Alba Acevedo "was severely, painfully, and permanently injured as a direct and proximate result of the negligence" of Defendants while on board an American Airlines flight arriving into Philadelphia International Airport. (Compl. ¶ 10.) The Complaint alleges that Defendant American Airlines' employees were negligent in keeping the aircraft equipment in safe condition, failing to warn Plaintiff Alba Acevedo of malfunctioning equipment, and failing to maintain a safe environment. (Compl. ¶ 11.) The Complaint alleged counts of negligence with respect to Alba Acevedo (Counts One and Two) and loss of consortium with respect to Joseph Acevedo (Count Three).[1]

2. Defendants answered the Complaint on August 5, 2011, and shortly thereafter, on September 20, 2011, by the consent of

---

[1] Because Plaintiffs alleged that Defendant was incorporated in Texas and the amount-in-controversy exceeded $75,000, jurisdiction was proper under 28 U.S.C. § 1332.

2

both parties, the Honorable Ann M. Donio, United States Magistrate Judge, entered an Order placing the case into arbitration. [Docket Item 7.] However, on December 2, Defendant American Airlines filed a Notice of Suggestion of Bankruptcy, notifying the Court that Defendant had filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. [Docket Item 10.]  The Court subsequently stayed all proceedings and administratively terminated the case on the docket. [Docket Item 11.]

3.   This case remained inactive until January 30, 2015, when Defendant American Airlines moved to dismiss the case for lack of prosecution under Fed. R. Civ. P. 41(b). (Mot. to Dismiss [Docket Item 12].) In a certification filed by Defendant's attorney, John V. Mallon, Esq., Mr. Mallon states that Plaintiff's claims against Defendant are covered by an insurance policy, the proceeds of which are not subject to the bankruptcy proceeding, but that to date, Plaintiff has not sought to modify the bankruptcy stay in order to pursue recovery against the proceeds of the insurance policy, despite communicating in 2012 and 2013 with Defendant's counsel about doing so. (Mallon Cert. to Mot. to Dismiss [Docket Item 12-1] ¶¶ 7-8.)

4.   Defendant included several letters in an exhibit attached to their motion to dismiss. In a letter to Defendant

3

dated June 19, 2012, signed by a "Joe Greble"[2] at John A. Klamo, Esq., P.C., the office which represents Plaintiffs, Mr. Greble referenced a discussion that he had with Mr. Mallon that day and wrote, "It is our belief that the bankruptcy your insured, American Airlines, Inc. went through has been sufficiently resolved and therefore we believe ample time has passed to settle this matter. At this time I am requesting a status on the above captioned claim." (June 19, 2012 Letter, Ex. C to Mot. to Dismiss [Docket Item 12-2].) The letter indicated that Plaintiffs were demanding $17,500.00 to settle the claim, which was the amount owed on Plaintiff's outstanding medical bills. (Id.) Mr. Mallon wrote back on July 6, 2012, saying that Mr. Greble's letter had been forwarded to Defendant and that "you will be contacted by American's bankruptcy counsel with information on a procedure to request that the bankruptcy stay to be lifted." (July 6, 2012 Letter, Ex. C to Mot. to Dismiss.)

     5.   The next correspondence attached to Defendant's motion is a letter dated April 17, 2013, from Mr. Mallon to Mr. Klamo. In this letter, Mr. Mallon references a modification of the bankruptcy stay:

> You had previously inquired as to the procedure for requesting a modification of the bankruptcy stay. Kindly advise if you have taken any steps to request a modification of the stay, in order to proceed with your client's lawsuit. You should have received information from American's bankruptcy counsel regarding the

---

[2] Mr. Greble is identified in the letter as the Office Manager at John A. Klamo, Esq., P.C. (See June 19, 2012 Letter, Ex. C to Mot. to Dismiss [Docket Item 12-2].)

4

> procedure to request a modification of the bankruptcy stay.

(April 17, 2013 Letter, Ex. C to Mot. to Dismiss.) The final letter from Mr. Mallon to Mr. Klamo is dated July 1, 2013, stating that Defendant had not received a response to their April 17, 2013 letter, and requesting that Mr. Klamo provide Defendant with an update as to the status of Plaintiffs' attempt to modify the bankruptcy stay. (July 1, 2013 Letter, Ex. C to Mot. to Dismiss.) Mr. Klamo did not appear to respond to either the April 17th or July 1st letter.

6. Defendants filed the present motion to dismiss for failure to prosecute on January 30, 2015, which was served electronically upon Plaintiffs' counsel, Mr. Klamo. (Cert. of Mailing, Mot. to Dismiss [Docket Item 12-4].) No opposition has been filed to date.

7. Failure to prosecute an action may warrant dismissal under Fed. R. Civ. P. 41(b), which in pertinent part, provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication on the merits.

8. Courts in this district consider six factors when determining whether or not to dismiss under Rule 41(b): (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4)

whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002) (citing Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984)). "While the appropriateness of dismissal is not contingent upon the satisfaction of all six factors in a given case, 'the resolution of any doubts [must be] in favor of adjudication on the merits.'" Bowers v. National Collegiate Athletic Ass'n, 564 F. Supp. 2d 322, 334 (D.N.J. 2008) (quoting United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 162 (3d Cir. 2003)).

9. The failure of Plaintiffs' counsel to take advantage of the several opportunities he has had to pursue Plaintiffs' claims weighs in favor of dismissal. The case was stayed in December 2011, and although Mr. Klamo's letter indicated that he initially spoke to counsel for Defendant by phone in June 2012 about the procedure for lifting or modifying the bankruptcy stay, subsequent letters from Defendant's counsel, Mr. Mallon, suggest that Mr. Klamo did not follow up, despite several letters from Mr. Mallon asking for an update on whether Plaintiffs were still intending to modify the stay. The April 17, 2013 letter indicates that at some point, Defendant's bankruptcy counsel provided Mr. Klamo with specific instructions on the procedure for requesting a stay modification, but Mr.

6

Klamo appeared to have ignored this letter as well as the subsequent one, and has never moved to lift the stay put in place more than three and a half years ago. It appears that Mr. Klamo's last communication to defense counsel was a little over three years ago. According to Defendant, Plaintiffs have given no indication since then that they still intend to modify the stay in order to pursue a recovery against the proceeds of the insurance policy, as they suggested they would. Thus, the continued failure to prosecute this case lies solely with Plaintiff's counsel, and the first and third factors weigh in favor of dismissal.

10.  Plaintiffs have also ignored a filing deadline in this case. Defendant filed its motion to dismiss on January 30, 2015, which was duly served upon Mr. Klamo. A response to Defendant's motion was due on February 17, 2015. Mr. Klamo, who continues to be listed as counsel of record, never filed an opposition to the motion, nor has he ever sought an extension of time to respond. Plaintiffs have now ignored their responsibility in this case for five months. Because nothing before the Court indicates that Plaintiffs are unable to respond, the inference of Plaintiffs' willfulness in failing to meet this obligation is inescapable. See <u>Local Union No. 98 Int'l Bhd. of Elec. Workers v. E. Elec. Corp. of N.J.</u>, 2009 WL 3075358, at *3 (D.N.J. Sept. 25, 2009) (finding that defendants' failure to respond to a complaint for one year constituted "blatant, or at a minimum, reckless

7

disregard of the rules" and constituted behavior that was willful and in bad faith). Continuing to adjourn this action would also prejudice Defendant, who has already waited three years for Plaintiffs to modify the stay and resolve this case.

  11. Although Plaintiffs' claims appear to be facially meritorious,[3] Plaintiffs' consistent failure to respond to

---

[3] Plaintiff Alba Acevedo asserts that she was severely injured while on board an American Airlines flight due to the negligence of Defendant's employees in keeping the aircraft equipment in safe condition and failing to warn of malfunctioning equipment. Among other things, Defendant asserts that Plaintiffs' claims are barred by the statute of limitations and the Warsaw Convention. New Jersey provides a two-year statute of limitations for a negligence action for injury to a person, see N.J.S.A. 2A:14-2, and Plaintiffs' Complaint, filed on June 30, 2011, for an injury that Plaintiffs allege occurred on June 30, 2009, therefore appears on its face to be timely. Plaintiffs' claims also appear to be permitted under the Warsaw Convention. The liability of an airline to its passengers is delineated in Article 17 of the Warsaw Convention, which states,
> The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

DeMarines v. KLM Royal Dutch Airlines, 580 F.2d 1193, 1196 (3d Cir. 1978). Plaintiff has alleged that she suffered severe injuries while on board an American Airlines flight flying into the Philadelphia International Airport; and that her injuries were due a malfunction of equipment in the aircraft. (See Compl. ¶ 11 ("Defendant's employees, attendants, co-pilots and/or pilots failed to warn plaintiff of any malfunction of equipment in the aircraft.")). Thus, the allegations on their face sufficiently allege that Plaintiff's injuries were due to an accident on board an aircraft carrier, placing it under Article 17. See Warshaw v. Trans World Airlines, Inc., 442 F. Supp. 400 (E.D. Pa. 1977) (holding that plaintiff was barred from recovery under the Warsaw Convention because he failed to establish that the cabin repressurization was an "accident," since the evidence did not "establish[] abnormality or malfunction in the operation of the aircraft.").

Defendant's letters, failure to take any action to modify the bankruptcy stay for over three years, failure to respond to Defendant's motion to dismiss, and indeed, failure to reopen the case or file anything at all in three and a half years, weigh heavily in favor of dismissal under Rule 41(b). It is sufficient to dismiss for failure to prosecute if plaintiff "does nothing, knowing that until something is done there will be no trial." Bendix v. Aviation Corp. v. Glass, 32 F.R.D. 375, 377 (E.D. Pa. 1962), aff'd, 314 F.2d 944, 944 (3d Cir. 1963); see also Villanueva v. United Parcel Serv., Inc., 2013 WL 1844769, at *2 (D.N.J. Mar. 26, 2013) (dismissing for failure to prosecute because plaintiff failed to take any action in almost three years to prosecute his claims and failed to respond to Order to Show Cause); Adams v. Trustees of N.J. Brwery Empl. Pension Trust Fund, 29 F.3d 836, 875 (3d Cir. 1994) ("We agree the failure to prosecute for more than four years amounts to a history of dilatoriness" and "could constitute grounds for dismissal under Rule 41(b)."). Such is the case here.

12.   Having carefully reviewed these factors, the Court concludes that they weigh in favor of dismissal. Nevertheless,

---

As Plaintiffs' Complaint is devoid of any detail about the specific manner in which Alba Acevedo was injured, the Court does not have sufficient information to evaluate the merits of certain other defenses raised in Defendant's Answer, such as that Plaintiffs' claims are barred by the terms and conditions of the contract of carriage and ticket limitations; that the accident was the result of the negligence of third parties over whom American had no control; and that the negligence of Plaintiff was greater than any negligence of Defendant.

the Court, considering the availability of alternative sanctions to dismissal, will permit Plaintiffs one last opportunity to respond to Defendant's motion. Plaintiffs' counsel shall have fifteen (15) days from the entry of this Order to oppose Defendant's dismissal motion. Should counsel fail to comply, the Court will deem Defendant's motion unopposed and dismiss the Complaint with prejudice under Rule 41(b) without an additional merits analysis. An accompanying Order to Show Cause will be entered.

| | |
|---|---|
| **July 23, 2015** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |